LANG ET AL., RESPONDENTS, v. CADWELL ET AL., APPELLANTS.

[Argued March 23, 1893. Decided November 27, 1893.]

CONTRIBUTION BETWEEN COTENANTS—*Attorneys' fees.*—Attorneys' fees stipulated in a mortgage to be paid in case of suit are not recoverable by a mortgagor in an action against his co-mortgagor to enforce contribution and subject the latter's interest in the common property by foreclosure of the mortgage to its proportion of the mortgage debt, where the former, though being obliged to take up the mortgage to avoid foreclosure, had not been compelled to pay such fees.

SAME—*Mortgages—Personal judgment.*—One of two mortgagors who upon being obliged to pay the mortgage debt takes an assignment of the mortgage to himself is not entitled to a personal judgment against the grantee of his co-mortgagor in an action to enforce contribution and for the foreclosure and sale of the latter's interest, where the conveyance was made subject by express provision to the mortgage. (*Pendleton* v. *Cowling*, 11 Mont. 38, cited.)

SAME—*Mortgages.*—The payment by one tenant in common of a lien upon the common property does not extinguish the debt, but entitles him to contribution from his cotenant to the extent of the latter's interest.

COSTS ON APPEAL—*Modification of judgment.*—A tenant in common who has sought no modification of a judgment obtained against him by his cotenant in an action to enforce contribution where such cotenant had paid off a lien upon the joint property, nor offered to reimburse him to the extent of his interest, but has sought to defeat all relief in his favor, both in the trial court and on appeal, will not be allowed costs upon obtaining a modification of the judgment.

*Appeal from Eighth Judicial District, Cascade County.*

Foreclosure.    Judgment was rendered for the plaintiff below by BENTON, J.    Modified and affirmed.

Statement of the case by Mr. Justice HARWOOD.

Frank S. Lang, respondent, and John D. McIntyre, one of the defendants in this action, on December 22, 1890, executed and delivered their promissory note for seven hundred dollars, payable to M. A. Browning one year after said date, with interest, which interest was provided for by two separate interest coupon notes, payable, respectively, on June 22 and December 22, 1891.    To secure the payment thereof, the makers of said notes executed and delivered to the payee, Browning, a mortgage on certain real estate situate in Cascade county, then owned in common and equal interest by said Lang and McIntyre. While said premises were subject to said mortgage, McIntyre sold and conveyed by warranty deed his interest therein to defendant Laura M. Cadwell, wife of defendant E. P. Cadwell, subject, however, by express provision of the deed, to the mortgage above mentioned.    There was no other provision shown, whereby the grantee assumed or agreed to pay said mortgage debt.    The interest note, due June 22d, was paid when due; plaintiff Lang and E. P. Cadwell each paying one-half thereof. When the principal sum and the remaining interest note matured, plaintiff Lang on demand paid one-half thereof, but defendants failed and refused to pay the remaining half of said mortgage debt, or any part thereof; and thereupon plaintiff Lang paid the same to relieve his interest in said land from said mortgage encumbrance, and thereupon took an assignment of said mortgage and notes to himself, and brought this action against McIntyre and wife, and Cadwell and wife, defendants,

to enforce payment of one-half of said mortgage debt, which they had failed and refused to pay.

The complaint sets forth all of the facts epitomized above; and also alleges that defendants Cadwell and wife assumed and agreed to pay half of said mortgage debt, and further alleges that said notes and mortgage provide for recovery of reasonable compensation for the services of an attorney in prosecuting an action to enforce payment of said mortgage debt, which service is alleged to be reasonably worth one hundred dollars. On the facts set forth, plaintiff Lang demands personal judgment against defendants for the recovery of half the amount paid by him to satisfy said mortgage debt, together with said counsel fees and costs, as well as foreclosure and sale of defendants' interest in said land, and application of the proceeds to the satisfaction of the judgment.

Cadwell and wife alone answered and defended. The case was tried to the court without a jury, and as a result thereof the court found for plaintiff, and rendered judgment against Cadwell and wife, personally, for one-half the amount paid by Lang to relieve said land from the burden of said mortgage debt, together with one hundred dollars for attorney's fee, and the costs expended in the prosecution of the action, and further decreed the sale of one-half interest in said premises now owned by Laura M. Cadwell, and application of the proceeds in satisfaction of said judgment according to the usual practice in such cases. Defendants Cadwell appeal, assigning the errors and irregularities noticed in the opinion.

*E. P. Cadwell,* for Appellants.

I. It appears from the pleadings and proof that the plaintiff is a joint maker of the note and mortgage sued upon; that he paid the same voluntarily, and without compulsion or demand; that he took an assignment of the note, in writing, to himself. Therefore he cannot maintain this action, because paying the note and taking an assignment thereof operates as a cancellation of the debt, and it thereby becomes *functus officio,* and cannot become the basis of an action or of a recovery. (*Gordon* v. *Wansey,* 21 Cal. 77; Story on Promissory Notes, § 180, 381, 384; *Burbridge* v. *Manners,* 3 Camp. 194; Pomeroy's

Remedies and Remedial Rights, 105–200; 1 Parsons on Contracts, 214, §§ 26–33; Ross on Bills, 274; *Cullow* v. *Lawrence*, 3 Maule & S. 97; *Heald* v. *Davis*, 11 Cush. 318; 59 Am. Dec. 147; *Long* v. *Bank of Cynthiana*, 1 Litt. 291; 13 Am. Dec. 234; *Lansing* v. *Gaine*, 2 Johns. 303; 3 Am. Dec. 422; *Pray* v. *Maine*, 7 Cush. 253; *Tucker* v. *Peaslee*, 36 N. H. 167; *Hopkins* v. *Farwell*, 32 N. H. 425; Tiedeman on Negotiable Bills, 376; Story's Equity Jurisprudence, § 499; 2 Parsons on Contracts, 358; 2 Parsons on Notes and Bills, 237; 3 Pomeroy's Equity Jurisprudence, 1412; *Collier* v. *Irvin*, 2 Mont. 337; *Rader* v. *Ervin*, 1 Mont. 638; *Collier* v. *Field*, 1 Mont. 614; *Hosack* v. *Rogers*, 8 Paige, 241; 1 Jones on Mortgages, 864; *Lappen* v. *Gill*, 129 Mass. 349; *Ryer* v. *Gass*, 130 Mass. 227; *Gardner* v. *Maynard*, 7 Allen, 456; 83 Am. Dec. 699; *American Bank* v. *Doolittle*, 14 Pick. 126; *Tuckerman* v. *Newhall*, 17 Mass. 583; *Prince* v. *Lynch*, 38 Cal. 532–37; 99 Am. Dec. 427; *Armstrong* v. *Hayward*, 6 Cal. 185; *Goodnow* v. *Smith*, 18 Pick. 415; 29 Am. Dec. 600; *McCrea* v. *Purmort*, 16 Wend. 474.)

II. There was no proof in this case that the defendants, Laura M. Cadwell or E. P. Cadwell, had assumed or agreed to pay the said note, or any part of it, but it was contended that the deed properly construed would fix a liability upon the defendant, Laura M. Cadwell. But we submit that a purchaser of land accepting a deed expressly conveying it subject to a mortgage, and excepting it from the covenants, is not personally liable to pay it, unless he covenants so to do. (1 Jones on Mortgages, § 748–865; *Elliott* v. *Sackett*, 108 U. S. 132; *Shepherd* v. *May*, 115 U. S. 505; *Fisk* v. *Tolman*, 124 Mass. 254; 26 Am. Rep. 659; *Pendleton* v. *Cowling*, 11 Mont. 38.)

III. It is urged that the provisions of chapter lxxvi, 5th division of the Compiled Statutes, relating to joint debtors, change the rule of the common law, and were passed to remedy the rigor and import of the decision in *Collier* v. *Field*, 1 Mont. 614. This statute does not apply, because the plaintiff is one of the obligors, and was primarily liable for the entire debt, and when he paid the debt he but performed his contract in this note now sought to be placed in judgment; that when he took an assignment of it he, in fact and in law, paid the entire bill, not in part, but *in toto*, and that thereby the note and mortgage became *functus officio*.

IV. It cannot be urged that the doctrine of subrogation can help the plaintiff, because Lang is not a stranger to the contract, or rather is not a lienholder against the property of a different rank than his co-obligor. (See 5 Wait's Actions and Defenses, 215; 8 Am. & Eng. Ency. of Law, 864; *Rowlett* v. *Grieve's Syndics*, 8 Mart. (La.) 483; 13 Am. Dec. 296, and note; *Mosier's Appeal*, 56 Pa. St. 76; 93 Am. Dec. 783; *Doswell* v. *Buchanan*, 3 Leigh, 365; 23 Am. Dec. 280; *Sandford* v. *McLean*, 3 Paige, 117; 23 Am. Dec. 773; *Fisher* v. *Dillon*, 62 Ill. 379; Boone's Law of Mortgages, 135; Story's Equity Jurisprudence, § 493; Daniel's Chancery Practice, 137; 1 Jones on Mortgages, § 874; 3 Pomeroy's Equity Jurisprudence, § 1419; *Lamb* v. *Montague*, 112 Mass. 352.)

V. The judgment and decree gives to the plaintiff an attorney's fee of one hundred dollars; there being no proof whatever to sustain this finding, it is unwarranted.

*F. Adkinson*, and *John S. Miller*, for Respondent.

The mortgagee did not accept payment of Lang's proportion of the debt, and release him and his half interest in the land. He was compelled to pay the whole amount of the debt in order to save his own interest in the land from foreclosure and sale. The authorities cited by appellants are inapplicable. The law is and always has been that a joint debtor situated as the respondent was in this case might pay off the debt, and that the mortgage would be kept alive for his protection. (1 Jones on Mortgages, 878, and cases cited in note; Tiedeman on Real Property, sec. 337; *Eads* v. *Retherford*, 114 Ind. 273; 5 Am. St. Rep. 611; *Moon* v. *Jennings*, 119 Ind. 130; 12 Am. St. Rep. 383.

HARWOOD, J.—It very clearly appears in this case that there is no support for the judgment for recovery of attorney fees in favor of Lang. Such recovery would be allowed if supported by contract or statute. (*Bank of Commerce* v. *Fuqua*, 11 Mont. 285; 28 Am. St. Rep. 461; *Wortman* v. *Kleinschmidt*, 12 Mont. 316.) But there is no statute or contract shown whereby the cotenant of Lang is obligated to pay attorney fees in an action brought by him to enforce contribution

of a portion of the mortgage debt on said land. If Lang had been compelled to pay an attorney fee to relieve said land from a portion of the encumbrance left thereon by the delinquency of his cotenant, he would be entitled to recover such attorney fees in this action for contribution, because the attorney fee would then have become part of the encumbrance which Lang was compelled to pay to relieve the land therefrom; but it appears that Lang only paid the amount of the encumbrance, without attorney fees. It does not follow, because Lang and McIntyre agreed to pay to Browning attorney fees in the event she was obliged to enforce payment of the mortgage debt by suit, that thereby either of the cotenants agreed to pay the other reasonable attorney fees for prosecuting an action to subject his cotenant's interest in said land to its proportion of the amount required to relieve the common property from the mortgage lien. Therefore, the provision of the judgment for recovery of counsel fees in favor of Lang is unwarranted, and must be struck out.

Nor was there any showing of facts to warrant personal judgment against either Laura M. or E. P. Cadwell. The conveyance of said land to Laura M. Cadwell provides simply that said land is conveyed to her subject to said mortgage. This does not support the proposition that either she or her husband personally assumed and agreed to pay one-half of the mortgage debt resting upon said land. (*Pendleton* v. *Cowling*, 11 Mont. 38.) And no other facts appear to support the allegation that defendants Cadwell, or either of them, assumed or agreed to pay said debt. Therefore, the provision of the judgment for personal recovery from defendants Cadwell must be eliminated therefrom.

The further exceptions urged by appellants relate to the theory on which this action was instituted and prosecuted; appellants contending that payment of the whole mortgage debt to Browning by Lang extinguished the entire debt, and therefore that Lang, one of the mortgagors, could not recover, as assignee of said mortgage and notes, one-half of the sum he paid to relieve the land from the mortgage lien. We see no reason for dwelling upon these peculiarities of the case. There is scarcely any foundation for appellants' objection in this re-

spect, even in theory. (3 Pomeroy's Equity Jurisprudence, 1221 et seq.) However, a judgment does not depend for support on a theory, but upon law and facts; and in this case the law and facts support the judgment in favor of Lang, to the extent of subjecting his cotenant's interest to its rightful proportion of the common burden which the cotenants had jointly placed upon said property, and which Lang was, of course, obliged to pay in full in order to relieve his half interest therefrom. "Where one tenant in common pays off a lien upon the joint property, he becomes entitled to contribution from his cotenants to the extent of their respective interests; and a court of equity will, in order to secure such contribution, enforce upon the interests of all an equitable lien of the same character as that which has been removed." (2 Beach's Equity Jurisprudence, § 835.)

The introduction of said mortgage and notes in evidence, with the assignment thereof to respondent, Lang, was proper, as evidence of his payment to Browning of the debt which constituted a lien on the common property, and which supported his action to subject his cotentant's interest to one-half the common burden.

It does not appear that appellants sought any modification of the judgment below, or offered to reimburse the amount paid by Lang to relieve their interest in said property from the mortgage lien, or allow said interest to be subjected to the satisfaction thereof. If appellants had so proceeded, and had then been obliged to appeal to gain a modification of the judgment, we would order costs of appeal taxed to respondent. But the proceedings show that appellants have, by their defense, sought to defeat all relief in favor of respondent, both in the court below and on appeal. Therefore, costs of appeal will not be allowed to appellants. (*Quigley* v. *Birdseye*, 11 Mont. 439.) The judgment will therefore be modified by eliminating therefrom the provisions for recovery of counsel fees, and the provision for recovery against defendants Cadwell personally; and with such modification the judgment is affirmed, with costs of appeal taxed against appellants.

PEMBERTON, C. J., and DE WITT, J., concur.